UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FIRE MARSHAL JAMES TORTORA,<br>    Plaintiff,<br><br>    v.<br><br>THE CITY OF SHELTON BD. OF FIRE<br>COMM'RS, ROBERT J. ARAUJO,<br>DAVID SEKELSKY, MERLE CHASE,<br>BRUCE KOSOWSKY, JOHN FINN, and<br>JUSTIN SABATINO,<br>    Defendants. | No. 3:12-cv-951 (SRU) |

## RULING ON PLAINTIFF'S MOTION FOR REMAND

The plaintiff, James Tortora ("Tortora"), originally filed this action against the City of Shelton Board of Fire Commissioners and several city officials (collectively, the "defendants") in Connecticut Superior Court, alleging that the defendants conspired to harass and publicly disparage him during his tenure as the city's fire marshal.  *See* Compl. (doc. # 1-6), at ¶ 12. Although his complaint asserted only state-law causes of action, Tortora peppered his allegations with the following refrain:  "These actions constitute unlawful acts as they were undertaken in violation of state *and federal* law," including "due process."  *See id.* ¶¶ 17, 21, 24-26 (emphasis added).  On the basis of those allegations, the defendants removed the action to federal court. *See* Notice of Removal (doc. # 1).  Now pending is Tortora's motion to remand the case to state court for lack of subject-matter jurisdiction (doc. # 14).  For the reasons that follow, Tortora's motion is GRANTED.

Federal district courts are courts of limited jurisdiction, *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993), and have an ongoing duty to ensure that subject-matter jurisdiction exists over the matters before them.  *See Dean v. Blumenthal*, 577 F.3d 60, 64 (2d Cir. 2009).  Thus,

"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"The federal removal statute allows a defendant to remove an action to federal district court in 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1441(a)). The party seeking removal bears the burden of establishing federal jurisdiction. *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). However, "in light of congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quotation omitted).

The defendants removed this action based on the existence of federal-question jurisdiction. *See* Notice of Removal (doc. # 1). Federal-question jurisdiction permits district courts to hear suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether federal-question jurisdiction exists, courts are guided by the well-pleaded complaint rule, which provides that "federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law . . . and only when plaintiff's well-pleaded complaint raises issues of federal law." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998) (internal citations omitted); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A necessary corollary to the well-pleaded complaint rule is the "artful-

pleading" doctrine, which permits federal courts to "read into a complaint elements that the plaintiff omitted" in order to ensure that "a plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law."  *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005).

Here, Tortora argues that his complaint does not allege a cause of action that arises under federal law, and therefore his case should be remanded for lack of subject-matter jurisdiction. *See* Mot. for Remand (doc. # 14), at 7.  I agree.

Unfortunately, Tortora's complaint is not a model of clarity, and with forty-one counts spanning almost as many pages, his pleading is anything but "short and plain."  *See* Fed. R. Civ. P. 8(a).  Nevertheless, a careful examination of the complaint reveals a total of six discrete causes of action, each of which arises exclusively under state law: (1) defamation; (2) intrusion upon seclusion; (3) false light publicity; (4) intentional infliction of emotional distress; (5) tortious interference with a business relationship; and (6) civil conspiracy.  In short, Tortora's complaint, properly construed, presents no federal question.

The defendants counter that removal was proper because the complaint explicitly refers to violations of federal law and due process.  *See* Defs.' Mem. of Law in Opp'n (doc. # 16), at 1. I am not persuaded.  Although Tortora's complaint mentions "state and federal law," including "due process of law," in its opening paragraphs, Tortora never ties those references to a specific cause of action against any of the named defendants.  Passing references to federal law in a state-court complaint are insufficient to support removal based on federal-question jurisdiction.  *See, e.g.*, *Rabinowitz v. Benson*, 1992 WL 309808, at *1 (S.D.N.Y. Oct. 9, 1992) (holding removal improper where the "complaint made only a vague reference to federal law, without specifically

alleging a cause of action" under federal law); *see also Warthman v. Genoa T'ship Bd. of Trustees*, 549 F.3d 1055, 1064 (6th Cir. 2008) ("A reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action or, as in [plaintiff]'s case, simply supports an element of a state claim."); *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 694 (5th Cir. 1995) ("[S]ubject matter jurisdiction cannot be created by simple reference to federal law. Subject matter jurisdiction can only be created by pleading a cause of action within the district court's original jurisdiction."); *W.L.D. v. Ky. High Sch. Athletic Ass'n*, 2010 WL 4696860, at *3 (E.D. Ky. Nov. 10, 2010) (remanding case for lack of subject matter jurisdiction where "[p]laintiffs specifically relied upon two sections of the Kentucky Constitution and referenced the federal constitution only in passing"); *Julien v. Meyers*, 2009 WL 1382953, at *4 (E.D. Mo. May 14, 2009) (remanding case because "[p]laintiff's limited reference to the federal constitution in the Petition similarly does not confer federal question jurisdiction in this case"); *Shelley's Total Body Works v. City of Auburn*, 2007 WL 765205, at *3 (W.D. Wash. Mar. 9, 2007) ("[T]he Court cannot find that the vague and passing references to federal law in Plaintiffs' complaint are sufficient to support removal."); *Casey v. Midwest Title Serv., Inc.*, 2006 WL 2862457, at *2 (N.D. Okla. Oct. 4, 2006) ("Vague references to federal law in the complaint and notice of removal will not suffice to create federal question jurisdiction."); *Maguire v. Telcom Global Solutions, Inc.*, 2003 WL 124475, at *3 (N.D. Tex. Jan. 10, 2003) ("[V]ague reference to federal law is simply insufficient to satisfy [defendant's] burden of establishing that this case involves a federal question."); *Matthews v. Stewart*, 207 F. Supp. 2d 496, 499 (M.D. La. 2001) ("In this court of limited jurisdiction, a passing reference to federal laws is insufficient to confer jurisdiction."). Moreover, merely invoking the phrase "due process" will not, without more, open the doors to

federal court. *See Daggett v. Key*, 123 Fed. App'x 721, 723 (7th Cir. 2005) (affirming dismissal for lack of subject-matter jurisdiction where plaintiff did "nothing more than apply the words 'due process' and 'conspiracy' to what are plainly state claims"); *Warrington Sewer Co. v. Tracy*, 463 F.2d 771, 772 (3d Cir. 1972) ("A bare allegation of violation of the due process clause of the Fourteenth Amendment is not sufficient to confer federal jurisdiction."); *McGee v. Town of Rockland Zoning Bd.*, 2012 WL 1657098, at *1 (D. Mass. May 8, 2012) (remanding case for lack of subject-matter jurisdiction because plaintiff's "incantation of the catchall concept of 'due process' does not magically transform it into a matter of federal law warranting review by a federal court").

Considering Tortora's allegations in context, and "resolving any doubts against removability," *Lupo*, 28 F.3d at 274, I conclude that Tortora's vague references to federal law and due process do not give rise to federal-question jurisdiction. Tortora has pled no cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, this court lacks subject-matter jurisdiction and remand is required.

For these reasons, the plaintiff's motion to remand (doc. # 14) is GRANTED. The case is hereby REMANDED to state court.

It is so ordered.

Dated at Bridgeport, Connecticut this 11th day of October 2012.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge